**KEITH D. KARNES,** OSB # 03352
keith@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorne Ave. Ste. 10
Salem, OR 97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE: | ) | Case No. 11-63883-fra12 |
| | ) | |
| SALVADOR RIOS | ) | NOTICE OF INTENT TO ENTER |
| MARIARELI RIOS-AREANAS | ) | INTO SETTLEMENT AGREEMENT |
| | ) | |
| Debtors, | ) | |
| _____ | ) | |

Debtors-in-possession, Salvador and Mariareli Rios, ("Debtors") propose to take the following action:

In July 2006 Debtors were the purchasers of a farm located at 30380 Fayetteville Dr., Shedd, Oregon 97377 ("farm") on a land sale contract that was owned by Randy and Tracy Hiday. The original land sale contract required Debtors to pay the entire balance of the land sale contract by July 1, 2011. Salvador Rios and Randy Hiday entered into a written modification of the land sale contract that stated the Debtors would have until July 1, 2012 to pay the balance of the land sale contract. Mr. Hiday claims that the extension from 2011 to 2012 was a mutual mistake and that the parties did not intend to extend the time for the payment on the land sale contract.

1- NOTICE OF INTENT TO ENTER INTO SETTLEMENT AGREEMENT

In 2011 the Debtors moved from the farm. After moving from the farm the Hidays took possession; however, they did not commence a foreclosure, obtain a deed to the farm, nor did they complete a forfeiture of the land sale contract. In 2011 the Debtors filed the instant chapter 12 case and filed an adversary proceeding to regain the farm.

This adversary proceeding was set for trial on the merits in January 2013 and the chapter 12 plan was going to be scheduled for confirmation after the trial on the merits. Prior to the trial the Debtors and the Hidays agreed upon a settlement of their claims against the Hidays.

The terms of the agreement are attached to this notice. The terms allow the Debtors to return to the farm, operate the farm, and therefore allow the Debtors to earn money to pay into the plan that has been proposed.

**YOU ARE NOTIFIED** that unless you file an objection to this notice no later than ten (10) days after the service date, **and set forth the specific grounds for the objection** and your relation to the case, with the Clerk of the Court, 405 E 8th Ave Eugene, OR 97401 and the Debtors' attorney, Keith Karnes, 1860 Hawthorne Ave. Ste. 10, Salem, OR 97301, the Debtors will take the proposed action or apply for an order if required, without further notice or a hearing.

Dated March 4, 2013

/s/ Keith D. Karnes
Keith D. Karnes OSB # 033521
Attorney for Debtors

2- NOTICE OF INTENT TO ENTER INTO SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT

**THIS AGREEMENT** is entered into this ___ day of _____, 2013 between Salvador T. Rios and Mariareli Rios-Areanas ("Debtors") and Randy Hiday and Tracy Hiday ("Creditors"); collectively ("parties").

**RECITALS:**

1. The parties entered into a Land Sale Contract on July 1, 2006. The contract was later modified on October 1, 2009.

2. Debtors filed for bankruptcy on August 5, 2011under Chapter 12 of the United States Bankruptcy Code.

3. At the time that Debtors filed for bankruptcy, Creditors were in possession of the real property that is the subject of the Land Sale Contract. Creditors claim that Debtors were in default as to maintenance obligations, property taxes and monthly payments. Creditors also claim that Debtors had a balloon payment due of June 15, 2011. Creditors maintain that it was for these reasons that Debtors voluntarily surrendered the property to Creditors.

4. Debtors claim that the balloon payment was extended and modified to July 1, 2011. Debtors have not admitted or denied the other claimed contract defaults. Debtors maintain that they left the property under protest and, therefore, have the right to regain possession.

5. On November 7, 2011, Debtors instituted an adversary proceeding against Creditors to recover physical possession of the property and for damages. The Court denied a motion for a preliminary injunction to have the property summarily returned to Debtors and the matter was set for trial. Creditors were obligated to make certain real property tax payments and interest only payments to the first position mortgage lienholder pending trial.

6. Creditors have objected to Debtors' proposed reorganization plan. Any future plan is contested.

**NOW, THEREFORE**, the parties wish to enter into a global settlement agreement resolving all disputes in the adversary proceeding and in the main bankruptcy case as follows:

    A. Creditors will not oppose confirmation of a plan. Parties agree that the land sale contract will be converted to a twelve year mortgage at 6% amortized and memorialized by the execution of a promissory note and trust deed attached as Exhibit A. Payments will begin May 15, 2013.

    B. Debtors agree to relief from stay should they default on the new loan payments. In other words, a default on the plan allows these Creditors to pursue their state court remedies.

Settlement Agreement - Page 1

Attached as Exhibit B is a form Order on Relief From Stay to be filed if there is a default.

C. New Note Balance.

    1. The Land Sale Contract balance (principal, interest and unpaid taxes) is $249,632.39 as of the petition date.

    2. The new Note will increase by 50% of the interest due from petition date to May 15, 2013, or $13,295.49.

    3. Debtors will receive a refund of the down payment of $20,000 in the form of a $20,000 reduction in the current principal balance of the new note.

    4. The new note balance is $242,927.87.

D. The adversary proceeding will be dismissed with prejudice and without fees and costs.

E. Creditors have invested $20,000 into repair and improvements on the farm. That benefit will remain with Debtors without any offset.

F. Creditors have paid pro rated real property taxes and a portion of the ongoing Wells Fargo mortgage obligation (interest only per court order). That benefit will remain with Debtors without offset.

G. At the time that the farm is turned over to the Rios', the manure in the barns will remain for Debtors' benefit.

H. Creditors will leave in place without further offset shavings and whatever propane remains in the propane tanks when the farm is turned over.

I. Debtors will retake possession March 15, 2013.

J. This settlement is contingent upon Debtors having a reorganization plan confirmed by the Court and receiving a discharge. Should the case be dismissed or converted without a discharge under Chapter 12, this agreement becomes **NULL AND VOID** and the prior contractual agreement under the land sale contract will spring back and become enforceable as if there had been no reorganization under Chapter 12.

K. The personal property items that are included with the sale of the farm are detailed in a list but shall exclude items that were originally left only for the use of the Rios' or storage, and specifically the kitchen refrigerator, mud room freezer, treehouse and a storage container

with its full contents that will need to be moved in the summer due to the ground condition with the winter rains. A UCC lien regarding the agreed upon personal property that is included in the transaction will also be filed as these items will be security against the new loan obligation. Except for the storage container, all property Creditors are keeping will be removed by the date stated in Paragraph H. The storage container will be moved when weather permits and Creditors will give Debtors 2 days advance notice when it intends to move it.

L. There will be no prepayment penalty on the new note. The note payments will be set up through an escrow company, so that all communications regarding payments will run through escrow.

M. The Deed of Trust will include additional language as follows:

> 1. Trust Deed paragraph 1 is amended to add: "This provision may be waived, in writing, by Beneficiary's consent, which consent shall not be unreasonably withheld."
>
> 2. Trust Deed paragraph 5 is amended to add: "The parties acknowledge a prior lien in favor of Wells Fargo Bank, N.A. in first position. Debtors are required to maintain the related loan in good standing and to make all contractually due payments under the relevant contracts as may be modified, or otherwise determined, under the Bankruptcy Code and Grantors' bankruptcy plan of reorganization."
>
> 3. Trust Deed Paragraph 12 is amended to add: Beneficiary must give 10 days notice of a default and that Grantee may cure the default during that 10 days. If the default is not cured, Creditors may file the stipulated order re: relief from Debtors' stay.
>
> 4. Default of these provisions will also be a default under the note and trust deed.

N. Upon full payment of the obligation, title to all real and personal property will transfer to the Rios' and all liens will be released.

O. This Settlement Agreement is expressly conditioned on approval by the Bankruptcy Court.

P. This Settlement Agreement is the complete agreement between the parties. There are no other additional agreements, oral or otherwise. This Agreement can only be altered by written consent of all parties.

Q. This Settlement Agreement is subject to the jurisdiction of the United States Bankruptcy Court for the District of Oregon applying Oregon law.

R. Debtors are represented by counsel in the negotiation of this agreement. Debtors

acknowledge that they understand this English language form of agreement and have had it translated for their benefit into Spanish prior to signing.

DATED this ____ day of _____, 2013.

DEBTORS:                                          CREDITORS:

_____                   _____
Salvador T. Rios                                  Randy Hiday

_____                   _____
Mariareli Rios-Areanas                            Tracy Hiday

Settlement Agreement - Page 4

FORM No. 881-1 – TRUST DEED (No restriction on assignment).

© 1988-1999 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR www.stevensness.com

EA  NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

# TRUST DEED

Salvador Rios and Maria Rios
30380 Fayetteville Drive
Shedd, OR 97377
*Grantor's Name and Address*

Randy D. Hiday and Tracy J. Hiday
26543 Nye Road
Brownsville, OR 97327
*Beneficiary's Name and Address*

After recording, return to (Name, Address, Zip):
Judson M. Carusone
Bromley Newton LLP
711 Country Club Road, Suite 200
Eugene, OR 97401

STATE OF OREGON, } ss.
County of _____

I certify that the within instrument was received for recording on _____, at _____ o'clock _____ M., and recorded in book/reel/volume No. _____ on page _____ and/or as fee/file/instrument/microfilm/reception No. _____, Records of this County.

Witness my hand and seal of County affixed.

_____  _____
NAME                     TITLE

By _____, Deputy.

---

THIS TRUST DEED, made on January ___, 2013, between

Salvador Rios and Maria Rios
_____, as Grantor,

Bromley Newton LLP
_____, as Trustee, and

Randy D. Hiday and Tracy J. Hiday
_____, as Beneficiary,

WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to trustee, in trust, with power of sale, the property in Linn County, Oregon, described as:

See Exhibit A

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in any way now or hereafter appertaining, and the rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of $242,927.87 Dollars, with interest thereon according to the terms of a promissory note of even date herewith, payable to beneficiary or order and made by grantor, the final payment of principal and interest, if not sooner paid, to be due and payable on April 15, 2025.

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable.

To protect the security of this trust deed, grantor agrees:
1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; and not to commit or permit any waste of the property.
2. To complete or restore promptly and in good and habitable condition any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefor.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require, and to pay for filing the same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or damage by fire and other hazards, as the beneficiary may from time to time require, in an amount not less than $1,000,000 _____, written by one or more companies acceptable to the beneficiary, with loss payable to the latter. All policies of insurance shall be delivered to the beneficiary as soon as issued. If the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
5. To keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges becomes past due or delinquent and promptly deliver receipts therefor to beneficiary. Should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof. For such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described. All such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and shall constitute a breach of this trust deed.
6. To pay all costs, fees and expenses of this trust, including the cost of title search, as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation, and trustee and attorney fees actually incurred.
7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney fees. The amount of attorney fees mentioned in this paragraph in all cases shall be fixed by the trial court, and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney fees on such appeal.

It is mutually agreed that:
8. In the event that any portion or all of the monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby. Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation promptly upon beneficiary's request.

(OVER)

NOTE: The Trust Deed Act provides that the trustee hereunder must be either an attorney who is an active member of the Oregon State Bar, a bank, trust company or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.



9. At any time, and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; or (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee fees for any of the services mentioned in this paragraph shall be not less than $5.

10. Upon any default by grantor hereunder, beneficiary may, at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney fees, upon any indebtedness secured hereby, and in such order as beneficiary may determine.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder, or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured hereby or in grantor's performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such event, the beneficiary may elect to proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753 may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed, together with trustee and attorney fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which the sale may be postponed as provided by law. The trustee may sell the property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary, may purchase at the sale.

15. When trustee sells pursuant to the powers provided herein, trustee shall apply the proceeds of sale to payment of: (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney; (2) to the obligation secured by the trust deed; (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority; and (4) the surplus, if any, to the grantor, or to any successor in interest entitled to such surplus.

16. Beneficiary may, from time to time, appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee.

The grantor covenants to and agrees with the beneficiary and the beneficiary's successors in interest that the grantor is lawfully seized in fee simple of the real property and has a valid, unencumbered title thereto, except as may be set forth in any addendum or exhibit attached hereto, and that the grantor will warrant and forever defend the same against all persons whomsoever.

WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are (choose one):*

(a) ~~primarily for grantor's personal, family, or household purposes (see Important Notice below)~~.

(b) for an organization, or (even if grantor is a natural person) are for business or commercial purposes.

This deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein.

In construing this trust deed, it is understood that the grantor, trustee and/or beneficiary may each be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

IN WITNESS WHEREOF, the grantor has executed this instrument the day and year first written above.

*IMPORTANT NOTICE: Delete, by lining out, whichever warranty (a) or (b) is inapplicable. If warranty (a) is applicable and the beneficiary is a creditor as such word is defined in the Truth-in-Lending Act and Regulation Z, the beneficiary MUST comply with the Act and Regulation by making required disclosures. If compliance with the Act is not required, disregard this notice.

        Salvador Rios
_____

        Maria Rios
_____

STATE OF OREGON, County of _____ ) ss.

This instrument was acknowledged before me on __January__, 2013,
by __Salvador Rios and Maria Rios__
This instrument was acknowledged before me on _____
by _____
as _____
of _____

_____
Notary Public for Oregon
My commission expires _____

REQUEST FOR FULL RECONVEYANCE (To be used only when obligations have been paid.)

TO: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the foregoing trust deed. All sums secured by the trust deed have been fully paid and satisfied. You hereby are directed, on payment to you of any sums owing to you under the terms of the trust deed or pursuant to statute, to cancel all evidences of indebtedness secured by the trust deed (which are delivered to you herewith together with the trust deed) and to reconvey, without warranty, to the parties designated by the terms of the trust deed, the estate now held by you under the same. Mail the reconveyance and documents to _____

DATED _____

**Do not lose or destroy this Trust Deed OR THE NOTE which it secures. Both should be delivered to the trustee for cancellation before reconveyance is made.**

_____
Beneficiary

Exhibit "A"

Parcel I:

Beginning at the Southwest corner of that parcel conveyed to Daniel Hertzler and Ruth Hertzler by deed recorded in MF Volume 617, Page 276, Linn County Microfilm Records, which point is in the center of Muddy Creek 12.26 chains North of the Southwest corner of the James M. Yarbrough, Donation Land Claim Number 62, Township 13 South, Range 4 West of the Willamette Meridian, Linn County, Oregon; thence along the lines of said parcel North 46.02 chains to the Northeast corner of the Jacob L. Coon Donation Land Claim Number 50 in said Township and Range; East 0.455 chains, and South along the East line of the Northerly ell and Southerly extension thereof 1028.42 feet to a point which is 410 feet South of the reentrant corner of said parcel; thence East 4.00 chains to to the East line of said parcel; thence along the lines of said parcel South 1032.76 feet; East 10.80 chains to a point which is East 15.25 chains distant and South 37.95 chains distant from the Northwest corner of said Claim No. 62; South 24.35 chains to the center of Muddy Creek; down said creek as follows: North 59°25' chains; North 50°12' West 5.72 chains; North 64°10' West 4.94 chains to the place of beginning, all being situate in the County of Linn, State of Oregon..

EXCEPT that portion thereof conveyed to Oregon Electric Railway Company by deed recorded at Page 592 of Volume 98 of the Deed Records of Linn County, Oregon.

Parcel II:

Beginning in the center of Muddy Creek, North 12.26 chains distant from the Southwest corner of the Donation Land Claim of James M. Yarbrough, Not. No. 2577 and Claim No. 62 in Township 13 South, Range 4 West of the Willamette Meridian in Linn County, Oregon, and running thence North 46.02 chains to the Northeast corner of the Donation Land Claim of Jacob L. Coon, Not. No. 2563 and Claim No. 50 in said Township and Range; thence East 0.455 chains; thence South 9.37 chains; thence East 4.00 chains; thence South 21.86 chains; thence East 10.80 chains to a point which is East 15.25 chains distant and South 37.95 chains distant from the Northwest corner of said Claim No. 62, thence South 24.35 chains to the center of Muddy Creek; thence down said creek as follows: North 59° 25' West 7.45 chains, North 50° 12' West 5.72 chains; North 64° 10'West 4.94 chains to the place of beginning.

EXCEPTING THEREFROM that portion thereof conveyed to Oregon Electric Railway Company by deed recorded at Page 592 of Volume 98 of the Deed Records of Linn County, Oregon.

FURTHER EXCEPTING THEREFROM that portion conveyed to Randy D. Hiday and Tracy J. Hiday in Warranty Deed recorded May 15, 2002 in Volume 1292, Page 916, Linn County Deed Records.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    ) Case No._____
                                         )
                                         ) ORDER, DRAFTED ON:_____,
                                         ) RE: RELIEF FROM (Check ALL that apply):
                                         )    DEBTOR STAY     CODEBTOR STAY
                                         ) CREDITOR:_____
Debtor(s)                                ) CODEBTOR:_____

    The undersigned, _____, whose address is _____
_____, Email address is _____,
Phone No. is _____, and any OSB # is _____, presents this Order based upon:

    The completed Stipulation of the parties located at the end of this document.

    The oral stipulation of the parties at the hearing held on _____.

    The ruling of the court at the hearing held on _____.

    Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

    Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

    **IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

    Personal property described as (e.g., 2001 Ford Taurus):


    Real property located at (i.e., street address):


    [Optional UNLESS In Rem Relief Granted]  Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/10)    **Page 1 of  3**

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

1. **Regular Payment Requirements**.

   a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

   b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control. Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

   c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

2. **Cure Payment Requirements**. Debtor(s) shall cure the post-petition default of $_____ consisting of

   (e.g., $_____ in payments and $_____ in late charges for April - June, 2002), as follows:

   a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

   b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

   c. Other (describe):

3. **Insurance Requirement(s)**. Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

   On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

   a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

   b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

   c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

   d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

   e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   f. Creditor is granted relief from stay to _____
   _____.

   g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☐ Debtor(s) and ☐ Attorney for Debtor(s) that gives Debtor(s) ____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

    b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.

    c. Only ____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

7. **Miscellaneous Provisions**.

    a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

    b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

9. Other:

**PRESENTED, AND CERTIFIED, BY:** ###

_____

IT IS SO STIPULATED:

Creditor's Attorney:                                              Debtor(s)'s Attorney:

_____      _____
Name: _____     Name: _____
OSB#: _____     OSB#: _____

NO OBJECTION TO ORDER BY CASE TRUSTEE:     Codebtor's Attorney:

By:_____     _____
                                                         Name: _____
                                                         OSB#: _____